985 F.2d 584
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gloria DINOSO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3457.
 United States Court of Appeals, Federal Circuit.
 Dec. 16, 1992.
 
 Before RICH, MICHEL and PLAGER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Gloria Dinoso (Dinoso) petitions for review of the April 14, 1992 decision of the Merit Systems Protection Board (MSPB), which dismissed as untimely Dinoso's January 14, 1992 petition for review of an October 28, 1991 Initial Decision of the MSPB, Docket No. SE0831910479I1. We affirm.
 
 DISCUSSION
 
 2
 Dinoso filed a petition for review of the MSPB's Initial Decision on November 25, 1991. Because Dinoso's petition failed to comply with MSPB regulations, the MSPB sent Dinoso a letter on December 9, 1991 advising her that she had 30 days to correct the deficiencies and submit a revised petition. Dinoso did not refile her petition, however, until January 14, 1992, approximately six days beyond the 30 day period. Therefore, on February 13, 1992, the MSPB informed Dinoso that, before the MSPB would consider her refiled petition, she would have to submit an affidavit or sworn statement attesting to the reasons for the late filing of the petition, pursuant to 5 C.F.R. § 1201.114(f).
 
 
 3
 Although Dinoso timely responded to the MSPB's show cause order, she did not provide with her response the required affidavit or sworn statement. Furthermore, Dinoso's statement in her response that "[to] race against time we again mailed same letter again receiving your letter of December 9, 1991" did not explain why she did not timely refile her petition. For these reasons, the MSPB held that Dinoso's response did not establish "good cause" for the delay, and, accordingly, dismissed her refiled petition as untimely. In her petition to this court, Dinoso merely argues why she believes she is entitled to benefits under the Civil Service Retirement Act, without commenting on her delay in refiling her petition.
 
 
 4
 In view of the foregoing, we see no error in the MSPB's denial of Dinoso's refiled petition as untimely. We review MSPB decisions under a very narrow standard, affirming a decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). Cheeseman v. Office of Personnel Mgmt., 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). Finding no such grounds present in this case, we affirm.